

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

INDIANAPOLIS DIVISION

WILHEMINA P. LEY
Plaintiff

vs.

CAUSE NO.:

PRODUCT ACTION
 INTERNATIONAL
Defendant

1 : 08 -cv- 0266 -SEB -WTL

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Wilhelmina P. Ley, by counsel, Thomas Margolis, and alleges and says, as follows:

1. The District Court has jurisdiction in the matter pursuant to

2. The venue is proper in the matter pursuant to

3. The Plaintiff is a resident of the County of Henry, State of Indiana, at all relevant times herein.

4. The Defendant, Product Action, is a corporation at all times, and operating the business where the Plaintiff had been employed.

5. The Plaintiff commenced the employment with the Defendant on or about October 31, 2005.

6. Following the commencement of the employment, there were a medical condition for the Plaintiff, based on pre-existing medical conditions, where the employer was informed of, initially orally and documentation thereafter.

7. The employer received the limitations, including but not limited to the lifting of ten (10) pounds and never above [her] shoulders and sit or stand to work, but will need frequent breaks change her position and [to] stretch. These were contained in a letter heretofore prepared by the medical provider, dated September 9, 2004.

9. Further, there were limitations imposed fro a medical provide seen at the same time, Central Indiana Orthopedics, to wit: lifting up to twenty five (25) pounds with the left shoulder, and twenty five pounds (25) with regard to the lower back, with frequent bending and twisting not advisable, in a document dated September 10, 2004.

10. Product Action International thereafter received that information regarding [any] stated limitations, within three (3) months of the start date of the employment with the Defendant employer.

11. There was the reasonable accomodation for the Plaintiff and physician limitations, by the employer, and the Plaintiff performed the designated duties were performed within the expectations of the employer.. The Plaintiff had a automobile accident in 2000, which had long term implications for the Plaintiff.

12. The Plaintiff worked within the expectations of the employer, and there were no known [work] performance issues from the employer.

13. The Plaintiff experienced a work related injury on September 25, 2006, and the Plaintiff was thereafter sent to a physician for treatment, U.S. HealthWorks.

14. The Plaintiff was placed on light duty with the following restrictions, to wit: no lifting zero (0) pounds from floor to waist, zero (0) pounds waist to shoulder, nor forceful pushing or pulling on the left arm, no reaching overhead, need to be able to alternate standing and sitting, periodically, from date of injury to date of release from treatment. That was dated September 28, 2006.

15. The Plaintiff was released October 18, 2006, with no restrictions from the work related injury.

16. The former restrictions of the Plaintiff were not changed, modified, altered, removed, or voided; and the Plaintiff went back to [her] job under the prior restrictions that had been on filed with the employer.

17. The Plaintiff was released by the employer's physician, whilst [she] was still under the care of her own physician, Central Indiana Orthopedics, and they prepared a document dated November 6, 2006, wherein they stated the Plaintiff "may continue regular job avoid lifting …".

18. The physician at the Central Indiana Orthopedics released the Plaintiff from the restrictions with regard to the work related injury, on November 20, 2006.

19  The Plaintiff returned to the employment, with [her] duties through December, 2006 to the holiday shutdown of the employer at the end of the year.

20. The Plaintiff continued to perform [her] designated job duties, as prescribed, and within the limitations of record, and no issues or concerns stated by the employer.

21. The Plaintiff returned to the employment, and the employer requested duplicate documents from the Plaintiff, upon [her] return. Those documents were provided to the employer, again.

22. The Plaintiff was ready and available for work, in January, 2007, and the employer was aware of the availability of the Plaintiff, and received an assignment in Hartford City, Indiana.

23. The employer through, Lisa Hodges, that the Plaintiff was to speak to the Human Resources department of the Defendant employer, with no other assignments to jobs at other facilities.

24. The Plaintiff was thereafter referred to the Human Resources and was told that [she] had to be let go, because the Plaintiff was deemed a safety risk, and would not have hired the Plaintiff, if those restrictions had been known by the employer, with the advisement on or about January 16, 2007.

25. The Defendant employer had prior knowledge of [any] restrictions of the Plaintiff, where she worked for the employer within their expectation, and no significant issues with the work performance of the Plaintiff.

26. The Defendant employer had requested that the Plaintiff obtain an updated doctors statement regarding [any] limitations that the Plaintiff had, and one was provided, dated January 11, 2007. There was noted the date of September 10, 2004 as the date restrictions began.

26. The Defendant violated the Americans with Disability Act [ADA], wherein the Plaintiff's medical restrictions were no longer accommodated, after reasonable accomodation by the employer from the commencement of the employment, There was the oral advisement of [any] restrictions, with the written verification from the medical providers thereafter.

27. The Plaintiff was damaged as a direct and proximate result, including but not limited to the loss of the employment, loss of [any] benefits of the employment, and future wages and compensation.

WHEREFORE, the Plaintiff, Wilhelmina P. Ley, requests judgment against the Defendant, employer, Product Action, for special and compensatory damages, under the ADA, and for all other just and proper relief in the premises.

_____
THOMAS D. MARGOLIS 10189-18
309 North High Street
Muncie IN 47305
Telephone 765-288-0600